**Xhevrie BICA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72498.**

**Agency No. A76–368–791.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided July 21, 2003.

Before KOZINSKI, FERNANDEZ, and RYMER, Circuit Judges.

**MEMORANDUM**\*

Xhevrie Bica, a citizen of Albania, petitions for review of the Board of Immigration Appeals' denial of her application for asylum and withholding of removal. We grant the petition.

We recognize that the BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481,

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). The withholding standard is more stringent. *See Ghaly,* 58 F.3d at 1428–29.

The difficulty with this case is that, in deciding the issues, the IJ used standards that were much more burdensome than the law provides.[1] He noted that Bica had not made it "absolutely clear" that she had suffered persecution. That greatly overstates her burden. *See, e.g.,* 8 CFR § 208.13(a); *Kumar v. INS,* 204 F.3d 931, 933–34 (9th Cir.2000). Moreover, he stated that she did not prove that the treatment she was subject to was not normally visited upon similarly situated people in Albania. As the INS conceded at oral argument, that, too, misstates her burden.

We simply find ourselves unable to ascertain just how severely the IJ's misunderstanding of Bica's burden of persuasion affected other issues in this case, including his ultimate decision. While it might be true that the same result could be reached were the proper burdens of persuasion applied, we must decide the case based on what was done, rather than on what could have been done. *See Ernesto Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000). At any rate, we would undertake a parlous mission were we to substitute ourselves for the BIA and attempt to recreate a decision that would properly address Bica's tragic

story of an elderly woman, who has had all twelve men in her family slaughtered by a repressive regime. That kind of decision making is not part of our expertise.

Because the above affects both the claim for asylum and the claim for withholding, we will grant the petition as to both.

Petition GRANTED; REMANDED to the BIA for further proceedings.

---

1. The IJ's reasoning was adopted by the BIA. *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000); *Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996).